## THE WYOMISSING.

### (Circuit Court of Appeals, Second Circuit.   March 14, 1916.)

### No. 209.

COLLISION �köm69—NAVIGATING LONG TOWS—DREDGES OBSTRUCTING CHANNEL.
 Tugs navigating with long tows in the tidewaters in the vicinity of New York, and desiring dredges engaged in government work to move themselves, or helping scows to give room for safer passage, must give timely notice; otherwise, a dredge is justified in continuing her work.

 [Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 87–90; Dec. Dig. ⊙köm69.]

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in admiralty for collision by James Morrow and Herman Harjes, owner of the barge Meta Harjes, against the tug Wyomissing, the Philadelphia & Reading Railroad Company, claimant, with the Morris & Cumings Dredging Company impleaded.   Decree against the Wyomissing, and her claimant appeals.   Affirmed.

Armstrong, Brown & Purdy, of New York City (Pierre M. Brown, of New York City, of counsel), for appellant.

Everett, Clarke & Benedict, of New York City (A. Leo Everett, of New York City, of counsel), for appellee Morris & Cumings Dredging Co.

T. Catesby Jones, of New York City, for appellees Morrow and another.

Before COXE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge.   March 28, 1914, the tug Wyomissing with a hawser tow of twenty-five light boats in six tiers of four each and one tailing on behind was on her way from Port Liberty, N. Y., to Port Reading, N. J.   The tide was ebb, and as she approached Elizabethport, in the Kills, her helper tug, the Pencoyd, went on the starboard side to keep the tow as it rounded the bend on the Staten Island side at Holland Hook or Dooley's Point from swinging against the Iron dock on the New Jersey shore.   Dredge No. 7, belonging to the Morris & Cumings Dredging Company was at work at a point half a mile west of the bend excavating the channel under a contract with the government.   The tow had to pass between her and the New Jersey shore, and in doing so pulled the Meta Harjes, port boat of the fourth tier, against the mud scow on the starboard side of the dredge.   To recover for the damage so caused her owner filed this libel against the tug Wyomissing, whose claimant brought in the Dredging Company under the fifty-ninth rule (29 Sup. Ct. xlvi).

The pilot and several witnesses on the tug testified that he had blown a danger signal in approaching the dredge as notice to her to move the scow which was alongside.   The witnesses from the dredge testify that no such signal was heard, and in view of the noise which the operation of the machinery makes this is most likely.   At all events they did

⊙köm For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

not move the scow. The charge made against the Dredging Company is that the scow was not moved, and so greater water space given to the tow. It will not be necessary to repeat what we have said in the opinion in the La Veck Case (The Wyomissing, 232 Fed. 453, —— C. C. A. ——), handed down herewith. We concur with Judge Chatfield in thinking that companies engaged in transporting long and unwieldy tows in these tidewaters should send a timely request to the dredge to move or to move her scow, if they think that the position of either makes careful navigation dangerous. All those companies know the situation perfectly, and in addition they know the length and weight of the tows they are sending out and the number and power of the tugs they use. In the absence of such timely notice the dredge is justified in continuing her work.

The decree is affirmed.